1  ANTONIO F. YOON
   California Bar No. 163961
2  501 W. Broadway, Suite A-387
   San Diego, California 92101
3  Telephone: (619) 544-0021

4  Attorney for Mr. Macias

5

6                    UNITED STATES DISTRICT COURT

7                  SOUTHERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,    )    Criminal No. **08cr0509-BEN**
                                )
10         Plaintiff,           )
                                )
11  v.                          )
                                )    **STATEMENT OF FACTS AND**
12  **JUAN MACIAS**,            )    **MEMORANDUM OF POINTS AND**
                                )    **AUTHORITIES IN SUPPORT OF**
13         Defendant.           )    **DEFENDANT'S MOTIONS**
    _____ )

14

15                              **I.**

16                    **STATEMENT OF FACTS**

17          This statement of facts is based upon information provided by the government up to this

18  time. This statement of facts is therefore subject to amplification and/or contradiction at the hearing

19  of these motions. Mr. Macias in no way admits to the truth of the facts or their accuracy as they are

20  alleged in these reports.

21          The defendant in this case was arrested on March 7, 2008 and charged with several offenses

22  related with the distribution of Oxycodone. Counsel has received no discovery from the government.

23                              **II.**

24               **MOTION TO COMPEL FURTHER DISCOVERY**

25          Mr. Macias moves for the production by the government of the following discovery. This

26  request is not limited to those items that the prosecutor knows of, but rather includes all discovery

27  listed below that is in the custody, control, care, or knowledge of any "closely related investigative

28  [or other] agencies" under *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

**A.    Mr. Macias is Entitled to Discovery of his Statements.**

Pursuant to Rule 16(a)(1)(A), *Brady v. Maryland*, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, Mr. Macias requests disclosure of any statements, whether oral, written, or recorded made by him which are in the possession, custody, or control of the government, or which by the exercise of due diligence may become known to the government, regardless of to whom made.  This includes copies of any written or recorded statements he made; the substance of any statements made by Mr. Macias which the government intends to offer in evidence at trial.  Mr. Macias also specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him.  This request includes, but is not limited to, any rough notes, records, recordings (audio or visual), reports, transcripts or  other documents  in  which  statements  of Mr. Macias are contained.  It also includes the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).  *See also United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *United States v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967); *Loux v. United States*, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968).  Mr. Macias also requests any response to any *Miranda* warnings which may have been given to him, on the date of his arrest.  *See United States v. McElroy,* 697 F.2d 459 (2d Cir. 1982).

**B.    Prior Convictions or Prior Similar Acts.**

Rule 16(a)(1)(B) of the Fed. R. Crim. P., provides that "upon request of the defendant, the government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government . . . ."  Mr. Macias therefore, requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

Mr. Macias also requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b). Mr. Macias must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. *See United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1034 (1980).

Mr. Macias requests a pre-trial conference to resolve any issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

**C.    <u>Mr. Macias is Entitled to Examine the Evidence the Government Intends to Rely Upon at Trial.</u>**

Rule 16(a)(1)(C) authorizes a defendant to inspect and copy or photograph all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in it case during trial.

(1) Specifically, Mr. Macias requests the opportunity to inspect and photograph all evidence seized from Mr. Macias's clothing, all fingerprint analysis done on any of the evidence in this case, all identification procedures utilized by the government agents, as well as any vehicles which may be involved;

(2)    Mr. Macias requests all evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C); and any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-in-chief at trial;

(3)    Mr. Macias requests all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Macias. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i). Mr. Macias specifically requests that all dispatch tapes or any other audio or visual tape recordings which exist and which relate in any way to his case and or his arrest be preserved and provided in their entirety; and

(4) Mr. Macias requests all other documents and tangible objects, including clothing, notes,

1  books, papers, documents, photographs, and copies of any such items which were obtained from or

2  belong to Mr. Macias or which were discovered.

3

**D.    Mr. Macias is Entitled To All Evidence Tending To Affect The Credibility of The
Prosecution's Case.**

4

5        Pursuant to *Brady v. Maryland*, 373 U.S. 383 (1963), *United States v. Agurs*, 427 U.S. 97

6  (1976), and *Giglio v. United States*, 405 U.S. 150 (1972),  Mr. Macias requests the Court to order

7  the government to immediately disclose all evidence in its possession favorable to Mr. Macias on

8  the issue of guilt and which tends to affect the credibility of the prosecution's case.  This request

9  specifically includes any impeaching evidence such as the prior records, of any material witnesses

10 in this case.  This request also includes any expressed or implied promises made by the government

11 to any material witnesses in exchange for their testimony in this case.  *See, e.g., United States v.*

12 *Bagley*, 105 S. Ct. 3375 (1985); *Napue v. Illinois*, 360 U.S. 264 (1959); *United States v. Gerard*, 491

13 F.2d 1300 (9th Cir. 1974).

14        The defense requests any and all evidence including but not limited to:

15        (1) any evidence that any prospective government witness is biased or prejudiced against the

16 defendant, or has a motive to falsify or distort his or her testimony.  *Pennsylvania v. Ritchie*, 480

17 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir.), <u>cert. denied</u>, 489 U.S. 1032

18 (1988); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1993) (Ninth Circuit Court

19 reversed Judge Gilliam for failure to turn over the "Levine Memorandum" which contained

20 information critical about a government witness);

21        (2) any evidence that any prospective government witness has engaged in any criminal act

22 whether or not resulting in a conviction.  <u>See</u> Rule 608(b), Federal Rules of Evidence and *Brady*;

23 any evidence that any prospective witness is under investigation by federal, state or local authorities

24 for any criminal conduct.  *United States v. Chitty*, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945

25 (1985);

26        (3) any evidence, including any medical or psychiatric report or evaluation, tending to show

27 that any prospective witness's ability to perceive, remember, communicate, or tell the truth is

28 impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or

has ever been an alcoholic. *United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);

(4) the name and last known address of each prospective government witness. *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses).

(5) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. *United States v. Cadet*, 727 F.2d, 1453 (9th Cir. 1984);

(6) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

**E.    Mr. Macias is Entitled to Any Information That May Result in a Lower Sentence Under The Guidelines.**

This information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

**F.    The Defense Requests the Preservation of All Evidence.**

The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, any samples (including but not limited to blood, urine, or narcotics) used to run any scientific tests, any narcotics, and any evidence seized from any third party.

1
2
3

It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

4

**G.    The Defense Requests All Jencks Material.**

5
6
7
8
9
10
11

The defense requests all material to which Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings, such as dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview, the notes are then subject to the Jencks Act;

12

**H.    Mr. Macias Requests All Other Information Relevant to His Defense.**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**III.**
**MR. MACIAS IS ENTITLED TO AN EVIDENTIARY HEARING TO DETERMINE WHETHER HIS STATEMENTS, IF ANY, WERE VOLUNTARILY MADE AND ELICITED IN COMPLIANCE WITH MIRANDA**

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id. See Orozco v. Texas*, 394 U.S. 324, 327 (1969).

When interrogation takes place without the presence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived her privilege against self-incrimination and her right to retained or appointed counsel. *Miranda* 384 U.S. at 475. A waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily in order to be effective. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). The standard of proof for a waiver of this constitutional right is high. *Miranda*, 384 U.S. at 475. *See, United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background experience, and conduct of the accused. *Edwards v. Arizona*, 451 U.S. 477, 472 (1981).

The government in the present case has the burden of proving that Mr. Macias was read his *Miranda* rights and intelligently and voluntarily waived those rights in all situations in which Mr. Macias reasonably believed that he was not free to leave. *See United States v.Estrada-Lucas*, 651 F.2d 1261, 1265 (9th Cir. 1980).

Even when the procedural safeguards of *Miranda* have been satisfied, a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon

an involuntary confession. *Jackson v. Denno*, 378 U.S. 368, 387 (1964). The government bears the burden of proving that a confession is voluntary by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 483 (1972); *see also* 18 U.S.C. § 3501(a).

A statement must be the product of a rational intellect and free will to be voluntary. *Blackburn v. Alabama*, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne, the totality of the circumstances must be considered. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). A confession is deemed involuntary whether coerced by physical intimidation of psychological pressure. *Townsend v. Sain*, 372 U.S. 293, 307 (1962). It must not be extracted by any sort of threats of violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981). A hearing is therefore required to determine whether the statements made by Mr. Macias were voluntary.

## IV.

### MR. MACIAS REQUESTS LEAVE TO FILE FURTHER MOTIONS

At the time of preparation of these motions, Mr. Macias had no discovery from the government. The defense believes that additional motions will be required and requests the opportunity to file further motions based on information gained during the discovery and investigative process.

//

//

//

//

//

//

//

//

//

- 8 -

**V.**

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court grant the motions stated herein.

Respectfully submitted,

/s/ Antonio Yoon

Dated: March  31, 2008

**ANTONIO F. YOON**
Attorney for Mr. Macias