KAREN P. HEWITT
United States Attorney
TIMOTHY F. SALEL
Assistant United States Attorney
California Bar No. 163597
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6074
Facsimile: (619) 557-3445
E-mail: timothy.salel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUAN ERNESTO MACIAS, JR., ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> _____ ) | Criminal Case No. 08CR0509-BEN <br><br> DATE: June 9, 2008 <br> TIME: 2:00 p.m. <br><br> GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: <br> (1) COMPEL DISCOVERY; AND <br> (2) GRANT LEAVE TO FILE FURTHER MOTIONS <br> TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND THE GOVERNMENT'S MOTION TO: <br> (1) PRODUCE RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Timothy F. Salel, Assistant United States Attorney, and hereby files its response and opposition to the above-referenced motions.

As discussed further, the Government will comply with all discovery obligations -- including those governed by Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) -- and anticipates that most, if not all, discovery issues can be resolved amicably and informally. The Government has no objection to the Court granting leave to file further motions based on new information and requests reciprocal discovery.

# I

# STATEMENT OF FACTS

On February 22, 2007, Defendant JUAN ERNESTO MACIAS, JR. was indicted by a federal grand jury and charged in Criminal Case No. 08CR0509-BEN with conspiracy to distribute hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, distribution of hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. § 841(a)(1), and criminal forfeiture. Defendant pled not guilty to all charges in the Indictment and the Government is in the process of complying with its discovery obligations in this case and other related cases.

# II

# DISCOVERY

**A.  Defendant's Statements**

The Government recognizes its obligation under Rules[1] 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. This includes all recorded statements made by Defendant. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.

The Government has no objection to the preservation of any handwritten notes taken by any of the agents. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute

---

[1]  Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

1  "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially
2  verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness.
3  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  It is unclear whether any rough notes
4  in this case constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez,
5  954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where
6  notes were scattered and all the information contained in the notes was available in other forms).  Any
7  notes would not be Brady material if the notes do not present any material exculpatory information, or
8  any evidence favorable to Defendant that is material to guilt or punishment.  Brown, 303 F.3d at 595-96
9  (rough notes were not Brady material because the notes were neither favorable to the defense nor
10  material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994)
11  (mere speculation that agents' rough notes contained Brady evidence was insufficient).  If the
12  Government determines that the rough notes are discoverable under Rule 16, the Jencks Act, or Brady,
13  the rough notes will be provided to Defendant.

**B.    Prior Record and Other Bad Acts**

15       To the extent that the United States determines that there are any documents reflecting
16  Defendant's prior criminal record, the United States will provide those documents to Defendant in
17  accordance with Rule 16(a)(1)(D).  See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990).
18       The Government will also disclose in advance of trial, the general nature of any "other bad acts"
19  evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  However,
20  the Government notes that evidence should not be treated as "other bad acts" evidence under Fed. R.
21  Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime
22  charged are "inextricably intertwined."  See United States v. Soliman, 812 F.2d 277, 279 (9th Cir.
23  1987). **C.    Evidence Seized**

24       The Government will comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon
25  reasonable notice, to examine, inspect, and copy all books, papers, documents, data, photographs, and
26  tangible objects seized that are within its possession, custody, or control, and that is either material to
27  the preparation of Defendant's defense, or are intended for use by the United States as evidence during
28  its case-in-chief at trial, or were obtained from or belongs to Defendant.

1 **D.     Evidence Tending To Affect the Credibility of the Government's Case**

2      The Government will perform its duty under Brady to disclose material exculpatory information
3 or evidence favorable to Defendant when such evidence is material to guilt or punishment. The
4 Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also
5 evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio
6 v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This
7 obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682;
8 United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed
9 (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the
10 defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463,
11 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed
12 evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

13      Brady does not, however, mandate that the Government open all of its files for discovery. See
14 United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the
15 Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see
16 United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002); (2) evidence available to the defendant from
17 other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the
18 defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999)
19 amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S.
20 Attorney could not reasonably be imputed to have knowledge or control over. See United States v.
21 Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the Government "to create
22 exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir.
23 1980), but only requires that the Government "supply a defendant with exculpatory information of
24 which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

25      The Government recognizes its obligation under Brady and Giglio to provide evidence
26 that could be used to impeach Government witnesses including material information regarding
27 demonstrable bias or motive to falsify or distort his or her testimony.

28

1     Defendant is not entitled to any evidence that a prospective witness is under criminal
2 investigation by federal, state, or local authorities. The Government is under no obligation to turn over
3 the criminal records or rap sheet of its potential witnesses. United States v. Taylor, 542 F.2d 1023, 1026
4 (8th Cir. 1976). The Government will, however, provide the conviction record, if any, which could be
5 used to impeach witnesses the Government intends to call in its case-in-chief.

6     The Government will provide Defendant with the reports containing the names of the agents
7 involved in the apprehension of Defendant as well as the complete name of their agency and local post
8 of duty. The Government strenuously objects to providing the home addresses or the home or personal
9 cellular telephone numbers to Defendant. In non-capital cases, the Government is not even required to
10 disclose the names of its witnesses prior to trial. United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir
11 1992); (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103
12 F.23d 837, 841 (9th Cir. 1996); see also United States v. Bejasa, 904 F.2d 137 (2d Cir. 1990)(United
13 States did not improperly deny defendant access to government witnesses whose telephone numbers and
14 addresses the government refused to provide because defendant knew the identities of the government
15 witnesses and presumably knew their telephone numbers or could have contacted them through the
16 exercise of due diligence). Nevertheless, in its trial memorandum, the Government will provide
17 Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of
18 such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United
19 States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

20     The Government is not yet naware of the names of any witnesses to crimes charged who will not
21 be called at trial or any witnesses who are favorable to the Defendant's case. If the Government
22 discovers any witnesses favorable to Defendant, the names of such witnesses will be promptly provided
23 to Defendant.

24 **E.     Information That May Result in a Lower Sentence Under the Guidelines**

25     The Government will provide Defendant with all Brady material that may result in mitigation
26 of Defendant's sentence. Nevertheless, the Government is not required to provide information bearing
27 on Defendant's sentence until after Defendant's conviction or guilty plea and prior to his sentencing
28 date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988)(No Brady violation occurs

1   "if the evidence is disclosed to the defendant at a time when the disclosure remains in value").

2   **F.     Request for Preservation of Evidence**

3   The Government recognizes that the Constitution requires the Government to preserve evidence
4   "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467
5   U.S. 479, 488 (1984). To require preservation by the Government, such evidence must (1) "possess an
6   exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature
7   that the defendant would be unable to obtain comparable evidence by other reasonably available means."
8   Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001).   The Government will
9   make every effort to preserve evidence it deems to be relevant and material to this case.

10  **G.     Jencks Act Material**

11  Rule 26.2 incorporates the Jencks Act, 18 U.S.C. § 3500, into the Federal Rules of Criminal
12  Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination,
13  the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the
14  Government's possession that was made by the witness relating to the subject matter to which the
15  witness testified. 18 U.S.C. § 3500(b). For purposes of the Jencks Act, a "statement" is (1) a written
16  statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially
17  verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement
18  by the witness before a grand jury. 18 U.S.C. § 3500(e).   If notes are read back to a witness to see
19  whether or not the government agent correctly understood what the witness was saying, that act
20  constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d
21  1101, 1105 (9th Cir. 1991)(citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).

22  **H.     Statements Relevant to the Defendant**

23  The Government will provide all statements relevant to Defendant as required by Rule 16,
24  Brady, and Jencks.   The Government is not all possible information and evidence regarding any
25  speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam)
26  (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory
27  evidence are not subject to disclosure under Brady).

28

### III

### SUPPRESS STATEMENTS

Defendant moves to suppress statements and requests that the Government prove that all statements were voluntarily made, and made after a knowing and intelligent Miranda waiver. Defendant contends that 18 U.S.C. § 3501 mandates an evidentiary hearing be held to determine whether Defendant's statements were voluntary. Defendant's motion to suppress statements should be denied without an evidentiary hearing because defendant invoked his right to remain silent and did not make any post-arrest statements. Furthermore, with respect to the pre-arrest statements, defendant failed to allege a specific factual dispute, and failed to support his contentions with a sworn declaration as required by CrimLR 47.1(g).

**1.    Defendant's Prearrest Statements Do Not Violate Miranda**

A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S. 437 (1966), and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of Miranda rights, and was not elicited by improper coercion. See Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should not be found in the "absence of police overreaching").

Defendant invoked his right not to make any post-arrest statements after he was advised of his Miranda rights. Defendant's statements were made prior to the time that he was placed in custody and, consequently, the statements were voluntary non-custodial statements that are not subject to Miranda warnings.

**2.    Defendant's Statements Were Voluntary**

The inquiry into the voluntariness of statements is the same as the inquiry into the voluntariness of a waiver of Miranda rights. See Derrick v. Peterson, 924 F.2d 813, 820 (9th Cir.1990). Courts look to the totality of the circumstances to determine whether the statements were "the product of free and deliberate choice rather than coercion or improper inducement." United States v. Doe, 155 F.3d 1070, 1074(9th Cir. 1998)(en banc).

1     A confession is involuntary if "coerced either by physical intimidation or psychological
2  pressure." United States v. Crawford, 372 F.3d 1048, 1060 (9th Cir. 2004) (quoting United States v.
3  Haswood, 350 F.3d 1024, 1027 (9th Cir. 2003)). In determining whether a defendant's confession was
4  voluntary, "the question is 'whether the defendant's will was overborne at the time he confessed.'"
5  Clark v. Murphy, 331 F.3d 1062, 1072 (9th Cir.), cert. denied, _ U.S. _, 124 S. Ct. 446 (2003) (quoting
6  Haynes v. Washington, 373 U.S. 503, 513 (1963)). Psychological coercion invokes no per se rule.
7  United States v. Miller, 984 F.2d 1028, 1030 (9th Cir. 1993). Therefore, the Court must "consider the
8  totality of the circumstances involved and their effect upon the will of the defendant." Id. at 1031 (citing
9  Schneckloth v. Bustamonte, 412 U.S. 218, 226-27 (1973)).

10     In determining the issue of voluntariness, this Court should consider the five factors under 18
11  U.S.C. § 3501(b). United States v. Andaverde, 64 F.3d 1305, 1311 (9th Cir. 1995). These five factors
12  include: (1) the time elapsing between arrest and arraignment of the defendant making the confession,
13  if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the
14  offense with which he or she was charged or of which he was suspected at the time of making the
15  confession, (3) whether or not such defendant was advised or knew that he or she was not required to
16  make any statement and that any such statement could be used against him, (4) whether or not such
17  defendant had been advised prior to questioning of his or her right to the assistance of counsel; and (5)
18  whether or not such defendant was without the assistance of counsel when questioned and when giving
19  such confession. 18 U.S.C. § 3501(b). All five statutory factors under 18 U.S.C. § 3501(b) need not
20  be met to find the statements were voluntarily made. See Andaverde, 64 F.3d at 1313.

21     Defendant's statements were not the product of physical intimidation or psychological pressure
22  of any kind by any Government agent. There is no evidence that Defendant's will was overborne at the
23  time he made the statements. Consequently, Defendant's motion to suppress his statements as
24  involuntarily given should be denied.

25
26
27
28

**3.    Defendant's Suppression Motion Should Be Denied Without An Evidentiary Hearing**

This Court can and should deny (without prejudice) Defendant's motion to suppress statements without an evidentiary hearing because Defendant failed to (1) allege a specific factual dispute, and (2) provide a sworn declaration in support of his motion to suppress.

**a.    Defendant Failed To Allege a Specific Factual Dispute**

An evidentiary hearing is required if a defendant's motion to suppress and supporting declarations or affidavits fail to allege a specific factual dispute. See United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (an evidentiary hearing is required "if the moving papers are definite, specific, detailed and nonconjectural to enable the court to conclude that contested issues of [material] fact . . . are at issue"). Where a defendant fails to provide a specific factual dispute of any material fact, the Court is not required to hold an evidentiary hearing. See United States v. Howell, 231 F.3d 616, 620-23 (9th Cir. 2000) (holding that "[a]n evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (District Court is not required to hold an evidentiary hearing where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (finding that the motion to suppress was "akin to boilerplate motions that lay no factual foundation" and that the unsworn representations of counsel were "too indefinite and conjectural to require the government to respond"); United States v. Feola, 651 F. Supp. 1068, 1119 (S.D. N.Y. 1987), aff'd without decision, 875 F.2d 857 (2d Cir. 1989) (denying motion for Miranda hearing to determine admissibility of confession where there was "no real allegation of [] police coercion").

**b.    Defendant's Motion Is Not Supported By Declaration As Required By CrimLR 47.1(g)**

Local Rule 47.1(g)(1) provides that all "[c]riminal motions requiring a predicate factual finding shall be supported by declaration(s)." (emphasis added). Where a defendant fails to submit a declaration in support of the factual allegations in a motion in accordance with local rules, the Court need not grant

1 an evidentiary hearing.  See United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991) (District
2 Court did not abuse its discretion in denying evidentiary hearing because defense counsel's declaration
3 was insufficient to meet the requirements of the local rules for the Central District of California which
4 requires motions be supported by a declaration signed by an individual who is competent to testify about
5 the facts); Moran-Garcia, 783 F. Supp. at 1268-74 (District Court for the Southern District of California
6 had discretion to deny an evidentiary hearing when the defendant's suppression motion was not
7 supported by a declaration of an individual who had personal knowledge of the events).

8 Defendant has failed to support his allegations with a declaration as required by CrimLR 47.1(g).
9 As such, this Court should deny Defendant's motion to suppress and find that there was no Miranda
10 violation and Defendant's statements were voluntary.

## IV

## LEAVE TO FILE FURTHER MOTIONS

13 The Government does not object to the granting of leave to allow Defendant file further motions
14 as long as the additional motions are based on newly discovered evidence or discovery provided by the
15 Government subsequent to the instant motion at issue.

## V

## GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY

**A.    All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

19 Since the Government will honor Defendant's requests for disclosure under Rule 16(a)(1)(E),
20 the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1),
21 requests that Defendant permit the Government to inspect, copy and photograph any and all books,
22 papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within
23 the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence
24 in his case-in-chief at trial.

25 The Government further requests that it be permitted to inspect and copy or photograph any
26 results or reports of physical or mental examinations and of scientific tests or experiments made in
27 connection with this case, which are in the possession and control of Defendant, which he intends to
28 introduce as evidence-in-chief at the trial, or which were prepared by a witness whom he intends to call

1  as a witness. The Government also requests that the Court make such order as it deems necessary under
2  Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is
3  entitled.

      **B.**    **Reciprocal Jencks – Statements By Defense Witnesses**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by a defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**VI**

**CONCLUSION**

For the reasons stated herein, the Government respectfully requests that this Court deny Defendant's motions to compel production of discovery and grant leave to file further motions, except where unopposed, and grant the Government's motions to compel production of reciprocal discovery.

Dated: <u>June 2, 2008</u>        Respectfully submitted,

                                    KAREN P. HEWITT
                                    United States Attorney

                                    */s/ TIMOTHY F. SALEL*
                                    TIMOTHY F. SALEL
                                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN ERNESTO MACIAS, JR.,<br><br>Defendants. | Case No. 08CR0509-BEN<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Timothy F. Salel, am a citizen of the United States over the age of 18 years and a resident of San Diego County, CA; my business address is 880 Front Street, San Diego, CA 92101-8893; I am not a party to the above-entitled action.

I have caused service of **Government's Response and Opposition To Defendant's Motions To Compel Production of Discovery and To Grant Leave To File Further Motions**, on the following party, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following parties at the following e-mail addresses:

ANTONIO F. YOON, Esq. – antonioyoon@cox.net

I declare under penalty of perjury that the foregoing is true and correct.

Executed: June 2, 2008        /s/ *TIMOTHY F. SALEL*
                              TIMOTHY F. SALEL
                              Assistant U.S. Attorney
                              E-mail: timothy.salel@usdoj.gov